**SOMERVILLE et al. v. BRASHEAR et al.**
**No. 5000.**

Court of Appeals of District of Columbia.
Argued Feb. 6, 1931.
Decided May 4, 1931.

C. H. Merillat and Wm. McK. Clayton, both of Washington, D. C., for appellants.

Andrew Wilson and E. C. Dutton, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the Supreme Court of the District of Columbia dismissing an amended bill in equity seeking an accounting.

It appears that one Archibald White died intestate September 19, 1882, leaving a widow, Mary E. White, and seven children. The estate consisted of valuable real estate situated in the city of Washington. The widow, Mary E. White, was appointed administratrix of her husband's estate in 1882, and filed her first account in 1884. She was also guardian for a number of her minor children.

The widow died in 1909, leaving a will, and Ida M. White, one of the plaintiffs in this case, was appointed executrix and qualified as such. The estate seems to have been held, both under the administration of the widow and the executrix Ida M. White, within the limits of the family, and no final settlement had been reached as late as April 20, 1926, when the court by decree appointed William McK. Clayton, Andrew Wilson, and Edwin C. Dutton, as trustees to make a sale of the property described in the original bill of complaint filed in this cause, dated October 20, 1924. The appointment of the trustees was consented to by the attorneys for the plaintiffs.

The trustees sold the property under the direction of the court; and on June 4, 1928, trustees Wilson and Dutton petitioned the court for authority to distribute the proceeds of the sale of the property described in the original bill. The petition for distribution was resisted by plaintiffs, who filed a motion asking that distribution be made to them only. On hearing, the court declined to direct distribution to any of the parties.

Later, upon petition signed and sworn to by attorneys and all the parties, the court found as follows: "That heretofore the distributees and trustees have not been in agreement that a total distribution be made at this time, owing to the fact that in this cause there is involved a question of an accounting between the parties to the cause, but now the distributees and trustees are in accord and agree that a full distribution of all moneys in the hands of the trustees be fully and completely distributed at this time." On this finding the trustees were, by order of July 3, 1928, authorized and directed to make full and complete distribution of all the moneys in their hands and file their report thereof, which was accordingly done.

This cause then came on for hearing December 17, 1928, and the court, by decree, found that, as the property described in the bill of complaint had been sold and the proceeds thereof, by consent of all parties interested, distributed by the trustees, the bill could not be sustained for a general accounting between the parties because of laches appearing on the face thereof. On motion of counsel for plaintiffs, leave to amend the bill of complaint for accounting was granted. The present amended bill was filed January 22, 1929.

This bill was dismissed by the court on the ground that "the original bill was filed for partition and for an accounting out of the proceeds of the partition. The property involved was sold and its proceeds distributed with the consent of the parties. Leave was later given the plaintiffs to file an amended bill, but the bill filed under this leave is not merely an amended bill but embraces matters more proper for a supplemental bill, or even a bill of review or to set aside a decree."

Motion was then made for leave to file a supplemental bill. This motion was denied by the court on the ground that the case was finally terminated when the property was sold and distribution of the proceeds made by the consent of all the parties. Without stopping to review the case, we are of opinion that the court was right, and that the final sale and distribution of the property by the consent of the parties terminated the case.

The decree is affirmed, with costs.